IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JO A. PERINE,

    Plaintiff,

v.                                 CIVIL ACTION NO. 1:08CV176
                                    (Judge Keeley)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on September 5, 2008, the Court referred this Social Security action to United States Magistrate John S. Kaull with directions to submit proposed findings of fact and a recommendation for disposition.

On June 22, 2009, Magistrate Judge Kaull filed his Report and Recommendation/Opinion ("R&R"), and directed the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the R&R. He further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court. The parties did not file any objections.

In Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), the Fourth Circuit held that the scope of review of an administrative

finding of no disability is limited to determining whether the "findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays further held that the Administrative Law Judge ("ALJ") bears the ultimate responsibility for weighing the evidence and resolving any conflicts, and that, in reviewing for substantial evidence, the reviewing court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Id. In Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987), the Fourth Circuit held that "[A] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."

Here, the Magistrate Judge determined that the record did not contain substantial evidence to support the ALJ's decision and recommended remand of this case for further consideration because the ALJ:

1)   did not evaluate all of the medical opinions available to him, specifically, the December, 2004, diagnosis of Dr. Lemmer and the June 30, 2004, laboratory results that Perine was positive for rheumatoid arthritis;

2)   concluded Perine's mental health impairments were not severe due to non-compliance with taking her medications and her failure to receive treatment for her symptoms;

2

3)   considered and relied on evidence outside the record prior to rejecting, in part, the opinions of Dr. Sharp, Perine's treating physician; and

4)   after failing to consider and properly evaluate all the evidence of record, relied on the VE's responses to his hypothetical questions.

Upon consideration of the Magistrate Judge's recommendation and having received no written objections,[1] the Court accepts and approves the R&R and **ORDERS** that Magistrate Judge Kaull's R&R is accepted in whole and this civil action be disposed of in accordance with the recommendation of the Magistrate. Accordingly,

1. The plaintiff's motion for Summary Judgment (Docket No. 10) is **GRANTED**;

2. The defendant's motion for Summary Judgment (Docket No. 14) is **DENIED**;

3. The plaintiff's claim is **REMANDED** to the Commissioner for further proceedings consistent with the recommendations

---

[1] The failure of the parties to object to the Report and Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

        made by Magistrate Judge Kaull in his June 22, 2009 R&R; and

4.    This civil action is **DISMISSED WITH PREJUDICE** and **RETIRED** from the docket of this Court.

Pursuant to Fed.R.Civ.P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Order to counsel of record.

If a petition for fees pursuant to the Equal Access to Justice Act (EAJA) is contemplated, the plaintiff is warned that, as announced in <u>Shalala v. Schaefer</u>, 113 S.Ct. 2625 (1993), the time for such a petition expires in ninety days.

DATED: July 9, 2009

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE